**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

JAMES FLOREY,

        Plaintiff,

v.

DILLON COMPANIES, LLC, a foreign limited liability company,

        Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Dillon Companies, LLC ("Defendant"), by and through its counsel, Larry S. McClung and Katherine M.L. Pratt of Wells, Anderson & Race, LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully files this Notice of Removal of the above action from the District Court, Douglas County, State of Colorado, to the United States District Court for the District of Colorado. As grounds for removal, Defendant states as follows:

### CERTIFICATION PURSUANT TO D.C.COLO.LCivR. 7.1(a).

There is no duty to confer prior to filing a Notice of Removal.

### BACKGROUND

1.    On February 20, 2019, Plaintiff commenced an action against Defendant in the District Court for Douglas County, Colorado, styled *James Florey v. Dillon Companies, LLC*, Case No: 2019CV30167. (*See* **Exhibit A**, Complaint and District Court Civil Case Cover Sheet attached hereto).

2. Defendant was served with the Summons, District Court Civil Case Cover Sheet, and Complaint on February 27, 2019, by service to Corporation Service Company. (*See* **Exhibit B**, Summons and Affidavit of Service). Defendant's Notice of Removal is filed within the time limits of 28 U.S.C. § 1446 as it is filed within thirty days of service of the Summons and Complaint.

3. This is an action in which the district courts of the United States have original jurisdiction pursuant to the provisions of 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and Defendant; and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1441(d), the United States District Court for the District of Colorado is the appropriate court for filing a Notice of Removal from the District Court, Douglas County, Colorado, where this action is pending.

4. "The evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice of jurors from the plaintiff's state." *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008).

## CITIZENSHIP

5. Plaintiff is domiciled in Colorado. (*See* **Exhibit A**, Complaint ¶ 1).

6. Defendant is a Kansas limited liability company with its principal place of business in Hutchinson, Kansas. (*See* **Exhibit C**, Certificate of Good Standing for Defendant from the Colorado Secretary of State, indicating that Defendant is a Kansas entity; and Application for Authority from the Colorado Secretary of State, indicating that Defendant's principal place of business is Kansas).

7. Therefore, complete diversity of citizenship exists between Plaintiff and Defendant. *See Roadcap v. Auto-Owners Ins. Co.*, 2014 U.S. Dist. LEXIS 112059 at * 2 (D. Colo. 2014) (place

of residence is prima facie evidence of domicile; a corporation is a citizen of the state where it is incorporated and where it has its principal place of business).

## AMOUNT IN CONTROVERSY

8. A defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014), abrogating *Laughlin v. Kmart Corp.,* 50 F.3d 871 (10th Cir. 1995) and *Martin v. Franklin Capital Corp.,* 251 F.3d 1284 (10th Cir. 2001). Evidence establishing the amount required by §1446(c)(2)(B) is only required when the "plaintiff contests, or the Court questions, the defendant's allegation." *Id; see also Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006) (Defendants need only "affirmatively establish jurisdiction by proving jurisdictional *facts* that ma[k]e it *possible* that $75,000 [is] in play" at the time of removal) (alterations and emphasis in original).

9. In determining the amount in controversy, courts look to the object to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.,* 116 F.2d 604, 606 (10th Cir. 1940). "The test for determining the amount in controversy is the pecuniary result to either party which the judgment would produce." *Id.; see also McPhail,* 529 F.3d at 954 (the sum for the amount in controversy is either the value of plaintiff's claim or what defendant may lose).

10. When the amount in controversy is not established by the complaint, a defendant, as the proponent of federal jurisdiction, must prove by a preponderance of the evidence facts that support the amount in controversy. *McPhail,* 529 F.3d at 953-955.

11. The defendant does not, however, have to prove the legal conclusion that the statutory amount is in fact in controversy or that the plaintiff will in fact recover that amount. *Id.*

at 955-956. "The amount in controversy is not proof of the amount that the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of litigation." *Id.* at 956.

12. A defendant may introduce evidence including, but not limited to, interrogatories, admissions, affidavits, and proposed settlement demands or correspondence to show the amount in controversy. *Id.* at 954-956. In addition, a "defendant may rely on an estimate of the potential damages from the allegations in the complaint" to prove facts supporting the amount in controversy by a preponderance of the evidence. *Id.* at 955-956.

13. Once a defendant establishes contested facts which support the requisite amount in controversy, a defendant is entitled to stay in Federal Court unless it is "'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is a potential controversy, which is to say that at least $75,000 is in controversy in the case." *Id.* at 954.

14. Plaintiff's Complaint and District Court Civil Case Cover Sheet, in conjunction with the nature and extent of Plaintiff's alleged damages, demonstrate that the amount in controversy in this case exceeds the jurisdictional threshold. (*See* **Exhibit A**, Complaint and District Court Civil Case Cover Sheet). To date, Plaintiff is claiming more than $500,000 in economic and non-economic losses. Accordingly, it is clear that the jurisdictional amount has been met in this case.

15. This lawsuit arises out of an incident that occurred in the pharmacy department of a King Soopers store located in Castle Rock, Colorado, during which Plaintiff received a vaccine. Plaintiff alleges that the vaccination was improperly administered and that he suffered injuries and damages as a result. Plaintiff asserts a claim for negligence. (*See* **Exhibit A**, Complaint).

16. Plaintiff claims he sustained bodily injuries, including severe adhesive capsulitis in his left shoulder and an exacerbation of degenerative changes. (*See* **Exhibit A**, Complaint ¶ 18).

17. Plaintiff claims that he sustained a permanent physical impairment. (*See* **Exhibit A**, Complaint ¶ 21).

18. Plaintiff claims he has incurred, and expects to incur more, medical expenses as a result of his injuries. (*See* **Exhibit A**, Complaint ¶ 19). In addition to damages for medical expenses, Plaintiff seeks damages for permanent physical impairment and disfigurement, pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and inconvenience. (*See* **Exhibit A**, Complaint ¶ 26). These types of allegations, including the nature and extent of Plaintiff's alleged injuries and damages, are sufficient evidence to demonstrate the jurisdictional amount. *Roadcap*, 2014 U.S. Dist. LEXIS 112059 at * 4-6.

19. Additionally, Plaintiff states that he is seeking more than the $75,000 jurisdictional threshold. Plaintiff filed a District Court Civil Case Cover Sheet in the District Court, Douglas County, Colorado, and checked the box stating that Colorado's Simplified Rules of Procedure under Colo. R. Civ. P. 16.1 do not apply because, "[Plaintiff] is seeking a monetary judgment against another party for more than $100,000[.]" (*See* **Exhibit A**, District Court Civil Case Cover Sheet ¶ 2). Plaintiff's cover sheet is further evidence that the amount in controversy exceeds the jurisdictional threshold. *See Henderson v. Target Stores,* 431 F. Supp. 2d 1143 (D. Colo. 2006) (the filing of a Civil Cover Sheet serves as notice of the amount in controversy); *Roadcap v. Auto-Owners Ins. Co.*, 2014 U.S. Dist. LEXIS 112059 at * 2-4 (D. Colo. 2014).

20. Considering that the damages Plaintiff claims in his Complaint include permanent impairment, pain and suffering, and loss of enjoyment of life (*see* **Exhibit A**, Complaint ¶ 26), and

that the District Court Civil Case Cover Sheet indicates that Plaintiff seeks more than $100,000 in damages, Defendant has shown the existence of facts by a preponderance of the evidence which, if true, demonstrate that the amount in controversy in this case exceeds the $75,000 jurisdictional threshold.

19. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, process, and orders in the state case file of which Defendant is aware are filed with this Notice. In addition to Exhibits A through C, attached are: (a) a copy of the docket sheet from the state court action, **Exhibit D**; (b) Delay Reduction Order and Initial Case Management Order issued by the state court, **Exhibit E**; and (c) Defendant's Answer, filed in the state court action, **Exhibit F**.

20. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the District Court, Douglas County, Colorado, and a copy has been served contemporaneously on Plaintiff, as indicated on the attached Certificate of Service.

**WHEREFORE**, Defendant hereby removes this action from the District Court, Douglas County, State of Colorado, to the United States District Court for the District of Colorado.

Respectfully submitted this 26th day of March, 2019.

**WELLS, ANDERSON & RACE, LLC**

*By:* *S/Larry S. McClung*
Larry S. McClung
Katherine M.L. Pratt
1700 Broadway, Suite 1020
Denver, CO 80290
Telephone: (303) 830-1212
Email: lmcclung@warllc.com
kpratt@warllc.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of March, 2019, a true and correct copy of the foregoing **NOTICE OF REMOVAL** with exhibits referenced therein, was filed with the Clerk of Court, using the CM/ECF System and sent via email to the following:

Zachary P. Mugge, Esq.
Antero Law, LLC
1700 Broadway, Suite 640
Denver, CO 80290
E-mail: zmugge@anterolaw.com

*Attorney for Plaintiff*


*S/ Kathleen Porter*
Kathleen Porter
*Original Signature on File at the Offices of Wells, Anderson & Race, LLC*